TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00453-CV






South Texas College of Law and Texas A&M University, Appellants



v.



Texas Higher Education Coordinating Board, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 98-03828-A, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING 









DISSENTING OPINION







 I write briefly in dissent.

 That South Texas College of Law ("South Texas") and Texas A&M University
("A&M") have entered into a far-reaching agreement (the "Affiliation Agreement"), which the
Texas Higher Education Coordinating Board (the "Coordinating Board") asserts is the first step
toward A&M's establishing a college of law, is undisputed. The record reflects that their actions
may in fact be designed to ultimately reach that end. However, I disagree with the majority
because I believe that the two institutions have not yet taken action that comes within the purview
or requires the approval of the Coordinating Board.

 The Coordinating Board is given an extremely narrow and restricted charge by the
legislature: "It shall perform only the functions which are enumerated in [the Education Code] and
which the legislature may assign it." Tex. Educ. Code Ann. § 61.021(a) (West 1996). The
legislature has carefully enumerated the Coordinating Board's functions. See id. §§ 61.051-.084
(West 1996 & Supp. 2000).

 The majority holds that the Affiliation Agreement "usurp[s] the Coordinating
Board's singular purpose and frustrate[s] clear legislative intent." Slip op. at 8.(1) In so holding,
the majority reads too broadly the intent of the legislature. The Affiliation Agreement does not
create a new degree program or change the role or mission of A&M. See Tex. Educ. Code Ann.
§ 61.051(d) (West Supp. 2000) & § 61.0511 (West 1996). It neither initiates nor consolidates a
degree or certificate program. See id. § 61.051(e) (West Supp. 2000). A&M has not expended
funds for a program disapproved by the Coordinating Board. See id. § 61.054 (West 1996). 
Arguably, the Affiliation Agreement may signal A&M's decision to do such things, and, if A&M
proceeds without Coordinating Board approval, the university may exceed its delegated authority
and infringe on that possessed by the Coordinating Board.

 I do not believe that, because the Coordinating Board is "the highest authority in
the state in matters of public higher education,"(2) it has the power to expand its enumerated
functions in order to prohibit or discourage cooperative efforts between public and private
institutions. The legislature has specifically instructed that the Coordinating Board "shall . . .
encourage cooperation between public and private institutions of higher education wherever
possible and . . . cooperate with these private institutions, within statutory and constitutional
limitations, to achieve the purposes of this chapter." Id. § 61.064 (West 1996). Clearly, the
Coordinating Board is not encouraging the public-private cooperation envisioned by the legislature
in the Education Code. The majority holds that the Coordinating Board may not do so in this case
because the Coordinating Board "decided that this Affiliation Agreement violated both statutory
and constitutional provisions." Slip op. at 14. The majority reaches this result, in part, because
it construes the Affiliation Agreement to expand A&M's role and mission without Coordinating
Board approval. See Tex. Educ. Code Ann. § 61.051(d) (West Supp. 2000); Slip op. at 12, 14. 
By the Affiliation Agreement, A&M does not establish a law-degree program. To do so, A&M
must seek Coordinating Board approval to amend its mission statement, table of programs, and
degree program. See Tex. Educ. Code Ann. § 61.051(d), (e). Until that time, section 61.064
would seem to mandate that the Coordinating Board encourage cooperation between the two
institutions. Encouraging such cooperation does not obligate the Coordinating Board to ultimately
approve any expanded degree program submitted by A&M.

 This case presents a close question concerning the extent of the powers of the
Coordinating Board. The relationship created by the Affiliation Agreement may or may not prove
to be satisfactory. It is quite possible that South Texas and A&M may need, but not receive,
Coordinating Board approval to go farther. But the next step is not the question before us. I
believe that the legislature has not granted the Coordinating Board authority over the arrangement
created by the Affiliation Agreement. I agree with South Texas that the agreement is a compact
between public and private institutions and does not come under the auspices of the Coordinating
Board's limited authority. Where the legislature has narrowly restricted a public body's authority,
courts should not construe the legislature's action in such a way that the body's authority is
expanded. I fear that the result of today's decision is to grant the Coordinating Board overarching
authority to review cooperative agreements between institutions of higher education. I do not
believe that end to be the intent of the legislature. I would, therefore, hold that by entering into
the Affiliation Agreement A&M did not exceed its authority, the Coordinating Board does not
have the authority to review and approve it, and the agreement does not violate state law. I would
reverse the district court's judgment and render judgment for South Texas and A&M. Because
the majority does otherwise, I respectfully dissent.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Filed: November 30, 2000

Publish


1. The substantive portion of the Affiliation Agreement is set forth in the majority opinion. 
See Slip op. at 2-5.
2. Tex. Educ. Code Ann. § 61.051(a) (West Supp. 2000).


1-.084
(West 1996 & Supp. 2000).

 The majority holds that the Affiliation Agreement "usurp[s] the Coordinating
Board's singular purpose and frustrate[s] clear legislative intent." Slip op. at 8.(1) In so holding,
the majority reads too broadly the intent of the legislature. The Affiliation Agreement does not
create a new degree program or change the role or mission of A&M. See Tex. Educ. Code Ann.
§ 61.051(d) (West Supp. 2000) & § 61.0511 (West 1996). It neither initiates nor consolidates a
degree or certificate program. See id. § 61.051(e) (West Supp. 2000). A&M has not expended
funds for a program disapproved by the Coordinating Board. See id. § 61.054 (West 1996). 
Arguably, the Affiliation Agreement may signal A&M's decision to do such things, and, if A&M
proceeds without Coordinating Board approval, the university may exceed its delegated authority
and infringe on that possessed by the Coordinating Board.

 I do not believe that, because the Coordinating Board is "the highest authority in
the state in matters of public higher education,"(2) it has the power to expand its enumerated
functions in order to prohibit or discourage cooperative efforts between public and private
institutions. The legislature has specifically instructed that the Coordinating Board "shall . . .
encourage cooperation between public and private institutions of higher education wherever
possible and . . . cooperate with these private institutions, within statutory and constitutional
limitations, to achieve the purposes of this chapter." Id. § 61.064 (West 1996). Clearly, the
Coordinating Board is not encouraging the public-private cooperation envisioned by the legislature
in the Education Code. The majority holds that the Coordinating Board may not do so in this case
because the Coordinating Board "decided that this Affiliation Agreement violated both statutory
and constitutional provisions." Slip op. at 14. The majority reaches this result, in part, because
it construes the Affiliation Agreement to expand A&M's role and mission without Coordinating
Board approval. See Tex. Educ. Code Ann. § 61.051(d) (West Supp. 2000); Slip op. at 12, 14. 
By the Affiliation Agreement, A&M does not establish a law-degree program. To do so, A&M
must seek Coordinating Board approval to amend its mission statement